UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.  1:01-cr-0035-SEB-DML-1 |
| ) | |
| CLIFFORD D. YOUNGBLOOD, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

On May 23, 2016, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on May 11, 2016.  Defendant Youngblood appeared in person with his appointed counsel Gwendolyn Beitz.  The government appeared by Barry Glickman and Peter Blackett, Assistant United States Attorneys.  U. S. Parole and Probation appeared by Officer Patrick Jarosh.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Youngblood of his rights and ensured he had a copy of the petition.  Defendant Youngblood waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Youngblood admitted violation 1 of the petition, except for the first sentence.  [Docket No. 18.]

3. The allegations to which Defendant admitted, as set forth in the petition, less the first sentence to which Defendant did not admit, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| | As previously reported to the Court, on April 1, and 4, 2016, the offender submitted urine samples which tested positive for cocaine. On April 5, 2016, the offender met with this officer and admitted to using cocaine prior to the April 1, 2016, test. He advised he purchased the drug in Anderson, Indiana, and used it at the dwelling where he acquired the drug. |

4. The government orally moved to dismiss violations 2 through 6 and the Court granted the same.

5. The parties stipulated that:

  (a) The highest grade of violation is a Grade B violation.

  (b) Defendant's criminal history category is VI.

  (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 27 months' imprisonment.

5. The parties jointly recommended a sentence of 22 months in the Federal Bureau of Prisons with no supervised release to follow. Defendant requested placement at FPC Duluth. Defendant further requested that the Court note in its entry that the cocaine use underlying violation no. 1 is the same cocaine use that resulted in the 40 day incarceration for the probation violation noted in violation no. 5.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant is guilty of the violation set forth in violation no. 1 as quoted above, and recommends that Defendant's supervised release be **REVOKED**, and that Defendant be sentenced to the custody of the Attorney General or his

designee for a period of 22 months with no supervised release to follow. The Defendant is to be taken into custody immediately, pending the District Judge's action on this Report and Recommendation. The Court further recommends Defendant's placement at FPC Duluth.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 25 MAY 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal